IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| KEVIN LEONARDO ZALDIVAR ZELADA,<br><br>Petitioner,<br><br>vs.<br><br>SHERIFF JESSE SLAUGHTER,<br><br>Respondent. | Cause No. CV 26-273-GF-DWM<br><br>ORDER |

Kevin Leonardo Zaldivar Zelada ("Zelada") filed a pro se petition for habeas corpus relief. (Doc. 1.) Following a preliminary screening of Zelada's filing, he was ordered to file an amended petition using the Court's standard 28 U.S.C. §2241 petition form. He was also ordered to submit a motion to proceed in forma pauperis, along with a copy of his inmate account statement, or to pay the filing fee. *See generally*, (Doc. 2.) Zelada was given 21 days within which to file his response. (*Id.* at 3-4.)

To date, Zelada has failed to comply. He has also failed to keep his address updated. *See e.g.*, (Doc. 3.)

**Failure to Prosecute/Comply with Court's Order**

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the

plaintiff fails to prosecute" the action or fails to comply with other Rules of the Court. *See also Applied Underwriters v. Lichtenegger*, 913 F. 3d 884, 889 (9th Cir. 2019)(citation omitted). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with the local rules. *See Ferdik v. Bonzelet*, 963 F. 2d 1258, 1260-61 (9th Cir. 1992)(dismissal for failure to comply with a court order to amend a complaint). A court may dismiss a case on its own without awaiting a motion. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005).

In determining whether one's failure to prosecute warrants dismissal of the case, the following five factors must be weighed: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors

dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Zelada has failed to comply with the order entered on July 21, 2026. He has also failed to keep his address updated. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Zelada refuses to comply with orders. Zelada's case has consumed judicial resources and time that could have been better spent on other matters. This factor, therefore, also favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Respondents. A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted, although it does not weigh strongly against Zelada in the present case.

Less drastic alternatives have been considered. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such

alternatives prior to dismissal. *Id.* Zelada was provided an adequate amount of time to file his response, but he failed to comply. Zelada was further advised that his failure to comply with the court's order would result in dismissal. *See e.g.,* (Doc. 2 at 3-4.) Such a warning satisfies the considerations of the alternative requirement. *See, Ferdik*, 963 F. 2d at 1262. Zelada had adequate warning that dismissal would result from his noncompliance. At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998). But in light of the other four factors favoring dismissal, the weight of this factor is slight. No further resources will be expended. This matter will be dismissed based upon Zelada's failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

Finally, as a federal prisoner proceeding under 28 U.S.C. §2241, Zelada is not required to obtain a certificate of appealability to the Ninth Circuit Court of Appeals in this case. *See Harrison v. Ollison*, 519 F. 3d 952, 958 (9th Cir. 2008)(plain language of 28 U.S.C. §2 2253(c)(1) does not require federal prisoners bringing section 2241 petitions to obtain a certificate of appealability to appeal unless the section 2241 petition is a section 2255 petition in disguise).

Accordingly, IT IS HEREBY ORDERED:

1. Zelada's petition for habeas corpus relief (Doc. 1) is DISMISSED based upon his failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

2. The Clerk of Court is directed to enter, by separate document, a judgment of dismissal.

DATED this 27th day of August, 2026.

Donald W. Molloy, District Judge
United States District Court